WOOSTER *v.* SIMONSON and another.

*(Circuit Court, S. D. New York.   June 6, 1883.)*

1. PATENT LAW—INFRINGEMENT—MEASURE OF DAMAGES—RULE ALLOWING LI-
   CENSE FEE.

   Following the general rule in giving damages for the infringement of a pat-
   ent, to allow the amount accustomed to be charged by the patentee as a license,
   such established license is, nevertheless, not the correct measure of damages
   in a case where only one of several claims of a patent was appropriated by the
   infringer.

2. SAME.

   The rule cannot be applied without qualification, and where less than the
   whole invention has been infringed, evidence must be given to show the nature
   of the part appropriated.

Exceptions to Report of Master.

*Betts, Atterbury & Betts,* for complainant.

*Wetmore, Jenner & Thompson,* for defendants.

WALLACE, J.    The master has reported as damages the sum com-
plainant has been accustomed to charge as a license fee for the use
of his invention, while the proofs show that only one claim, the sec-
ond, of the six claims of the patent has been infringed by defendant.
Although several of the six claims may be for substantially the same
invention, others are for different combinations.   It must be held
that the established license fee for the use of the entire invention se-
cured by the six claims of the patent is not the correct measure of
damages where the defendant has not infringed all the claims.   The
proofs show what damages the complainant would have sustained if
the defendant, instead of appropriating a part of the invention, had
appropriated the whole of it.

When damages are sought by a patentee against an infringer, his
inquiry, as in all other cases where a plaintiff's right of property
has been invaded, is what is the value of the right, and the ex-
tent of the injury.   If the injury amounts to a deprivation or appro-
priation of the entire right of property in a patent, the value of the
patent is the measure of damages.   An established license fee is
competent and satisfactory evidence of the value of a patent-right,
because the price which it commands between those who sell and
purchase it is the best criterion of value.  When a patentee uses
his monopoly by selling to others the privilege of using it, the law
deems him completely indemnified if an infringer is required to pay
him the sum which he has himself fixed as the value of the privi-
lege.

Obviously, however, the value of the entire property in an invention, as of the right to use the whole invention, does not furnish a criterion of the value of a part, or of the right to use a part, in the absence of evidence to show the relative difference in value between the part and the whole. Accordingly it has been held that, when an established license fee may be the measure of damages against an infringer, in favor of a patentee, the rule cannot be applied without qualification, and when the use by the infringer has been a limited one, for a short time, it is erroneous to charge him with the whole license fee. *Seymour* v. *McCormick,* 16 How. 480–490; *Birdsall* v. *Coolidge,* 93 U. S. 64.

Although the patent secures to the patentee the whole invention as described and claimed, the several claims may secure him against quite different and distinct appropriations of his property. Where less than the whole invention has been infringed, evidence must be given to show the nature of the part appropriated.

The fourth exception is sustained. The other exceptions are without merit. The case is referred back to the master, with liberty to the complainant to reopen his proofs.